UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      v.                                                    S2-10-CR-363 (GBD)

MICHAEL YARON,
MOSHE BUCHNIK,
SANTO SAGLIMBENI,
EMILIO A/K/A "TONY" FIGUEROA,
CAMBRIDGE ENVIRONMENTAL
& CONSTRUCTION CORP., D/B/A
NATIONAL ENVIRONMENTAL
ASSOCIATES,
OXFORD CONSTRUCTION &
DEVELOPMENT CORP., and
ARTECH CORP.,

                 *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF PATRICIA L. PETTY

     I, Patricia L. Petty, pursuant to Title 28, United States Code, Section 1746 (pertaining to declarations under penalty of perjury), hereby declare and say as follows:

1. I am a Senior Trial Attorney with the Office of International Affairs (OIA) of the Criminal Division of the United States Department of Justice. I have been employed with the U.S. Department of Justice since 1991, and specifically with OIA since 1999. As a senior trial attorney, my duties include, among others, reviewing, monitoring, and facilitating the execution of requests for mutual legal assistance in criminal matters and for extradition to and from the United States. For the past five years, my portfolio has included Israel and countries in central and southern Africa. I am the primary attorney handling extradition matters involving Israel. I submit this

declaration in support of the United States' Memorandum in Opposition to Defendants' Rule 33 Motion for a New Trial in the Interest of Justice.

2. The Criminal Division of the U.S. Department of Justice is assigned by regulation to handle and supervise international extradition proceedings for the United States. OIA is the specific component of the Criminal Division responsible for international extraditions. OIA also is the central point of contact with foreign authorities which communicates information received from foreign authorities to the appropriate U.S. officials.

3. I was responsible for facilitating the extradition request of David Porath (Porath) submitted to Israel from the United States in 2011, and for communicating directly with Israeli authorities regarding this request for extradition. Generally, U.S. prosecutors and investigators do not have direct contact with foreign authorities in extradition cases. To my knowledge, there was no direct contact between the U.S. prosecutors and their investigators and Israeli authorities in this case. This affidavit is based upon my recollection of my participation in facilitating the request for Porath's extradition from Israel and upon my review of the records and files at OIA relating to this matter.

4. On February 18, 2010, an indictment against Porath was filed in the United States District Court for the Southern District of New York, *United States v. David Porath and Andrzej Gosek*, 10-Cr-120 (LMM).

5. At the request of prosecutors in the Antitrust Division of the U.S. Department of Justice, on January 26, 2011, the United States submitted a request for the extradition of Porath to Israel through the U.S. Department of State, pursuant to the United

    States-Israel extradition treaty. U.S. authorities had received information from Israeli authorities that Porath had entered Israel in December 2009, but at the time of the request, U.S. authorities did not know specifically where Porath was located in Israel.

6. On November 27, 2011, Porath was arrested by Israeli authorities based upon the United States' request for extradition. Porath was detained until December 19, 2011, when he was released on house arrest.

7. On January 5, 2012, our office was advised by the Israeli Ministry of Justice that on this same date, Porath was declared extraditable by an Israeli magistrate. We also were told that Porath consented to voluntary extradition and waived his right to appeal to the Israeli Supreme Court.

8. On Friday, January 6, 2012, our office advised the U.S. prosecutors about the outcome of the January 5, 2012, hearing. On the following Monday, January 9, 2012, our office notified the U.S. Marshals Service to begin making preparations to pick up Porath from Israel.

9. Pursuant to Israeli extradition law, the requesting state must pick up the defendant within 60 days from the date upon which the declaration of extraditability becomes final. Because there was no appeal in this case, the deadline for picking up Porath was March 4, 2012, or 60 days from the date of the Israeli magistrate's January 5, 2012, decision.

10. In addition, under Israeli law, an extradition order (also known as a surrender warrant) must issue from the Israeli Minister of Justice before a defendant can be extradited to the United States. This order provides the legal basis for the Israeli authorities to surrender the defendant to U.S. authorities who will escort the

defendant to the United States. The Israeli Minister of Justice signed Porath's extradition order on January 9, 2012. OIA, however, did not receive a copy of the English translation of the extradition order until January 24, 2012.

11. The transportation of extradited defendants is generally handled by the U.S. Marshals Service (USMS). After the surrender or extradition order is issued, the USMS usually begins making arrangements for the pick-up of the defendant. In many cases the deputy U.S. marshals who are assigned must obtain visas, country clearances, make travel arrangements, and coordinate the surrender with the foreign authorities. This is all part of the routine in picking up a defendant who is being extradited to the United States.

12. On January 24, 2012, the USMS advised our office that they had coordinated the pick-up date with Israelis authorities to occur between February 12 and February 16, 2012. We advised the U.S. prosecutors about the proposed pick up dates on January 25, 2012. On February 2, 2012, our office advised the U.S. prosecutors that the USMS had confirmed the pick-up date as February 16, 2012.

13. The U.S. prosecutors advised our office that Porath did in fact arrive in the United States on February 16, 2012, and was arraigned on the pending charges in the Southern District of New York on February 17, 2012.

14. Based upon my experience with Israeli cases, the voluntary extradition of Porath was handled in a routine and timely manner, and executed within the requirements of the extradition treaty and U.S. and Israeli law. The time that it took to extradite Porath from Israel to the United States, under these circumstances, was not unusual.

15. At no time did I, or to my knowledge did anyone in my office, receive a request from any person to delay this extradition proceeding for any reason.

I declare, under penalty of perjury that the foregoing is true and correct to my personal knowledge, information and belief.

Executed in Washington, D.C., on April 4, 2012.

_____
Patricia L. Petty